CHAMBERLAIN *vs.* HAMILTON.

In an action upon a contract by which the defendant agreed to make a quantity of scythe snaths, for the plaintiff, within a specified time, the plaintiff called the defendant as a witness, who testified that he did not, within the time specified, make any scythe snaths for the plaintiff. On cross-examination by his own counsel, he testified that the reason why he did not make the snaths was, that he was under no obligation to make any, as he had made no agreement with the plaintiff, but was working merely as an experiment, &c. *Held*, that the defendant had not been examined on his own behalf to any new matter, so as to entitle the plaintiff to be examined as a witness on his own behalf, under the 395th section of the code.

APPEAL from a judgment entered on the report of a referee. The action was upon a parol or verbal special agreement entered into between the parties in February, 1852, by which, as the complaint alleged, the defendant agreed to make 3000 scythe snaths for the plaintiff, agreeably to a certain pattern then in the possession of the defendant, and to make the forms or moulds on which to bend the snaths, and to make and complete them in time for the plaintiff to deliver them to purchasers before the commencement of the season for cutting hay that year. The plaintiff to furnish the timber for the forms or moulds, and the materials and trimmings for the snaths, whenever, after the forms or moulds should be made, he should be requested, and the plaintiff to pay the defendant 18¾ cents per snath so to be made. The plaintiff to make sale of the snaths and pay the defendant out of the proceeds of the sales. The complaint averred the delivery to the defendant, in the spring of 1852 and in season for the purpose, the timber for the moulds, and also timber or plank sufficient to make 1000 snaths. That the defendant commenced making the moulds or forms and also commenced making the snaths, but refused to complete them; which refusal was just before the commencement of the season for cutting hay, and too late for the plaintiff to get them made elsewhere. The answer was a general denial of the facts stated in the complaint. On the trial before the referee, the plaintiff gave evidence tending to prove the agreement stated in the complaint. Also that he had delivered the timber to make the forms or moulds, and mate-

rials sufficient to make 1000 snaths. He then called the defendant as a witness, who, being sworn, testified as follows : Question by the plaintiff's counsel : "Did you in the spring of 1852, and previous to the haying of that year, make any scythe snaths for the plaintiff?" Answer of the witness : "I did not." On cross-examination by his own counsel, the defendant testified as follows : Question by the defendant's counsel : "Why did you not make the snaths for the plaintiff?" Answer of the witness : "Because I was under no obligation to make any, that is, I had made no agreement with the plaintiff. I was working merely as an experiment, trying to bend, and if I succeeded in bending I was to have entered into an agreement to make some snaths." The defendant was then further examined by the plaintiff's counsel, whether he had made various declarations and admissions specified, to several individuals mentioned, some of which related to the question whether he had entered into the agreement with the plaintiff. To all of which he answered in the negative. The plaintiff was afterwards offered as a witness in his own behalf, but was objected to by the defendant's counsel, on the ground that the defendant had not been examined on his own behalf to any new matter, so as to entitle the plaintiff to be examined as a witness on his own behalf ; and the referee sustained the objection, and excluded the witness ; and the plaintiff's counsel excepted. The plaintiff's counsel then offered to prove by the plaintiff, various material matters specified, touching the contract and its violation by the defendant, all of which were objected to, for the aforesaid reason, and were excluded by the referee, and the plaintiff excepted. The defendant then gave evidence touching the contract, and the referee reported that the contract between the parties, as set forth in the complaint, was not sustained by the evidence, and adjudged that nothing was due the plaintiff. Judgment was entered upon the report, for the defendant, with costs, from which the plaintiff appealed.

*H. V. Howland,* for the appellant.

*C. W. Haynes,* for the respondent.

*By the Court*, WELLES, J.   The 395th section of the code provides as follows : " A party examined by an adverse party, as in this chapter provided, may be examined on his own behalf, in respect to any matter pertinent to the issue.   But if he testify to any new matter, not responsive to the inquiries put to him by the adverse party, or necessary to explain or qualify his answers thereto, or discharge when his answers would charge himself, such adverse party may offer himself as a witness on his own behalf, in respect to such new matter, and shall be so received."

The simple point here is, whether, when the defendant testified in his own behalf, that the reason why he did not make the snaths for the plaintiff was that he was under no obligations to make any ; that he had made no agreement with the plaintiff and that he was working merely as an experiment, &c. ; he testified to new matter not responsive to the inquiries put to him by the adverse party, or necessary to explain or qualify his answers thereto, or discharge when his answers would charge himself.

When the defendant testified that he had not made the snaths, he proved a breach of the agreement as it was alleged by the plaintiff to have been made.   Assuming the agreement to have been as the plaintiff claimed, and as he contended he had proved it, the answer of the defendant went directly to charge himself, and it seems to me that when he stated the reason why he had not made them, he did no more than to discharge himself in so far as his previous testimony went to charge him, and no more than the section referred to intended he might do without incurring the hazard of confronting the plaintiff as a witness in his own behalf.   The referee, therefore, decided correctly in excluding the plaintiff as a witness.

The judgment of the special term should be affirmed.

[MONROE GENERAL TERM, September 4, 1854.   *Johnson, T. R. Strong* and *Welles*, Justices.]